No. 06-37 T
Honorable Chief Judge Edward J. Damich

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

KIMBERLY CLARK CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraphs 4 and 5 of Appendix A to the Rules of the United States Court of Federal Claims, the parties submit the following information:

a. JURISDICTION

Plaintiff's Statement

Plaintiff asserts that the Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1346(a)(1).

Defendant's Statement

Defendant avers that jurisdiction, if it exists in this case, would be conferred by 28 U.S.C. § 1491. At this juncture, however, defendant cannot determine whether plaintiff has satisfied all jurisdictional prerequisites in this action. The specific jurisdictional questions are (1) whether all claims for refund were timely filed and (2) whether the excise tax amounts claimed by plaintiff



1682390.1

were actually paid and, if so, whether any other party has obtained a refund of any of the taxes paid.

b. CONSOLIDATION

The parties do not believe that this case should be consolidated with any other case before the Court of Federal Claims at this time.

c. BIFURCATION OF TRIAL

In the event of a trial in this case, the parties believe that separate trials on the questions of liability and damages are unnecessary, and all evidence necessary to resolve both questions should be presented together. We would ask the Court initially to determine the question of liability only and thereafter, depending upon the Court's ruling on the merits of the dispute, permit the parties a reasonable period to perform and agree upon any necessary computation of the tax and interest due, so that the parties can submit a stipulation as to the amount of any judgment. This will avoid devoting unnecessary attention to computations at trial.

d. DEFERRAL OF PROCEEDINGS

There are two cases pending before the Court of Appeals for the Federal Circuit, America Online, Inc. v. United States, Fed. Cir. No. 05-5138, and Honeywell, Int'l. v. United States, Fed. Cir. No. 05-5145, which appear to concern the same substantive issues involved here. In each of these cases, the Court of Federal Claims ruled in favor of the plaintiff. At this juncture, however, the parties believe that it is sensible to continue with discovery in this case while those cases are on appeal. The parties know of no basis for transferring this case to another tribunal.

e. REMAND OR SUSPENSION

Not applicable.

f. ADDITIONAL PARTIES

The parties do not know of any other additional parties to be joined.

g. DISPOSITIVE MOTIONS

In the event that there are no jurisdictional issues, it appears that this case may be susceptible to resolution by summary judgment.

h. ISSUES

Plaintiff's Statement

The specific substantive issue raised in this refund suit is whether the tax amounts paid by plaintiff for certain communications services are subject to the communications excise tax imposed by I.R.C. § 4251.

Defendant's Statement

The fundamental issue in a tax refund suit is whether the taxpayer can establish that it has overpaid its taxes for the periods in suit. See Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The specific substantive issue is whether the amounts allegedly paid by plaintiff for long distance telephone services are subject to the communications excise tax imposed by I.R.C. § 4251.

i. SETTLEMENT

At this juncture, defendant does not believe that this case is susceptible to settlement or ADR because a judicial determination of the issues involved here is important for the purposes of tax administration.

j. PROPOSED SCHEDULING PLAN

i. The parties do not know of any other additional parties to be joined. If either party determines otherwise, the parties propose that joinder of additional parties be requested within 30 days from the date the Court enters a discovery order in this case.

ii. Proposed discovery plan

1. Dispositive motions

Plaintiff's Statement

Plaintiff intends to file a motion for summary judgment on the issue of liability. No expert discovery will be necessary in connection with a motion for summary judgment. Plaintiff will file such motion within 30 days of the completion of all discovery.

Defendant's Statement

At this juncture, defendant anticipates the possibility of filing a partial motion to dismiss based upon jurisdictional grounds. Defendant intends to file any such motion before fact discovery is completed. No expert discovery will be necessary in connection with any such motion. Also, defendant anticipates the possibility of filing a motion for summary judgment based upon the substantive legal issues in this case. Defendant intends to file any such motion within 60 days of the completion of all discovery.

2. See Bifurcation of Trial, *supra*, at paragraph c.

3. The parties propose that fact discovery be completed by September 1, 2006.

4. The parties propose that a status conference be held at 10 a.m. (Eastern) on September 4, September 5, or September 6, 2006.

5. At this juncture, the parties do not anticipate calling expert witnesses to testify. Both parties reserve the right to supplement this response.

6. See previous paragraph, *supra*, at subparagraph 5.

7. At this juncture, the parties do not anticipate the need to vary the presumptive limits of discovery.

8. The parties do not anticipate the need for any physical or mental examinations pursuant to RCFC 35.

9. The parties propose that all discovery be completed by September 1, 2006.

10. The parties are not aware of any other matters pertinent to the completion of discovery at this time.

iii. At this juncture, the parties do not anticipate the need for trial in this case. Accordingly, the parties request that trial scheduling matters be discussed with the Court during the status conference referred to in subparagraph 4, *supra*.

k. ELECTRONIC CASE MANAGEMENT

At this juncture, the parties are not aware of any special issues regarding electronic case management needs.

l. OTHER INFORMATION

Plaintiff's Statement

The attorneys for plaintiff confirm that plaintiff mailed the initial disclosures required by RCFC 26(a)(1) on May 4, 2006, and that the meeting of counsel required by Appendix ¶ 3 was held by telephone on May 4, 2006.

At this time, plaintiff cannot provide a reasonable estimate of its litigation costs. Given the limited scope of discovery that will be required and the fact that a trial on liability is not expected, plaintiff estimates that its litigations costs will be a fraction of the refund amount sought. Plaintiff is fully aware of the possible costs of this litigation.

Plaintiff intends to enter into a confidentiality stipulation with defendant in order to protect information that is confidential to Plaintiff and its telecommunications service providers.

Defendant's Statement

The attorneys for defendant confirm that defendant mailed its initial disclosures required by RCFC 26(a)(1) on May 4, 2006, and that the early meeting of counsel required by Appendix A ¶ 3 was held telephonically on May 4, 2006.

At this juncture, a reasonable estimate of defendant's litigation costs for this case is not feasible; however, the claim for refund in this case of approximately $300,000 substantially outweighs any anticipated litigation costs. The Internal Revenue Service is cognizant of the potential litigation costs of this case.

PRELIMINARY STATUS CONFERENCE

The parties propose that a preliminary status conference be held at 10 a.m. (Eastern) on May 12, May 15, or May 19, 2006.

Respectfully submitted,

s/Paul Kattas
PAUL L. KATTAS
JOSEPH A. BOYLE
JACOB J. MILES
Kelley Drye & Warren
101 Park Avenue
New York, New York 10178
(212) 808-7800

Dated: May 5, 2006

Attorneys for Plaintiff

s/Jacob Christensen
JACOB E. CHRISTENSEN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief
Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

Dated: May 5, 2006

Attorneys for Defendant