# In the United States Court of Federal Claims

No. 06-37T

(Filed: July 25, 2006)

```
***********************************
KIMBERLY CLARK CORPORATION,  *
                             *
           Plaintiff,        *
                             *
     v.                      *
                             *
THE UNITED STATES,           *
                             *
           Defendant.        *
                             *
***********************************
```

## PROTECTIVE ORDER

It is hereby ORDERED that the parties comply with the following terms of this protective order:

A.. Defendant shall not disclose the following documents outside of litigation:

1. AT&T Commercial Mobile Radio Services (and other services) agreement, dated 10/20/2000;

2. AT&T Teleconferencing agreement, dated 9/22/2002;

3. AT&T Wireless Corporate Digital Advantage Contract, dated 10/27/2002;

4. AT&T MA Reference No. 0029, dated 4/29/1999;

5. AT&T MA Reference No. 0029, dated 5/30/2003;

6. AT&T MA Reference No. 0029, dated 8/21/2003, amending agreement of 5/30/2003;

7. Cingular Wireless agreement, dated 9/15/2003;

8. Global Crossing Audio/Video Conferencing Services agreement, dated 11/26/2001;

9. Global Crossing Audio/Video Conferencing Services agreement, dated 5/15/2004;

10. Sprint FONCARD, Video Conferencing, Domestic Sprint IP Dedicated Services, Domestic Sprint Enhanced Fame Relay, Domestic Sprint ATM, Sprint Voice Solutions Toll Free SDS, Toll Free International, Toll Free, Outbound SDS, Voice Solutions Outbound agreement, dated 2/24/2004;

11. Sprint PCS Advantage Agreement, dated 10/11/2001; Amendment 1, dated 10/18/2002; Amendment 2, dated 10/25/2002;

12. Sprint Real Solutions Sales Agreement, dated 4/27/2000;

13. Sprint Real Solutions Sales Agreement, dated 7/9/2001;

14. Sprint ATM/Frame Relay, ISDN, Sprint PCS agreement, dated 3/17/2004;

15. Verizon Wireless agreement, dated 9/22/2003;

16. Verizon Wireless agreement, dated 12/21/2005; and

17. Nextel Agreement, dated 3/8/2000.

B. Plaintiff does not object to the disclosure of the aforementioned documents to any expert retained by Defendant for purposes of this litigation or to any Internal Revenue Service personnel who may assist Defendant for excise tax payment verification purposes.

C. Plaintiff may disclose additional documents, in which case Plaintiff will submit an additional motion for entry of a supplementary confidentiality order, if those documents are deemed confidential and proprietary to Plaintiff and its telecommunications carriers.

D. Plaintiff shall mark "**CONFIDENTIAL**" on the above-referenced documents.

E. Plaintiff agrees that Defendant may object to the designation of any of the documents under the Protective Order. Should the parties be unable to resolve the objection informally, the objecting party may submit the dispute to the Court for resolution. Until the Court resolves the dispute, the disputed document(s) shall remain subject to the Protective Order.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge