No. 06-37T
Honorable Chief Judge Edward J. Damich

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

KIMBERLY CLARK CORPORATION,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

---

KIMBERLY CLARK CORPORATION'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

Pursuant to RCFC 15(a), Plaintiff Kimberly Clark Corporation ("Plaintiff") moves the Court for leave to file the attached First Amended Complaint in the above-captioned case. Plaintiff seeks to file an amended complaint to incorporate additional refund claims filed with the Internal Revenue Service ("IRS") on September 13, 2005. The Court now has subject-matter jurisdiction over these claims. The additional refund claims and the First Amended Complaint arise out of substantially the same tariffs and contracts and raise no new issues of law. The proposed First Amended Complaint is attached hereto as Exhibit A.

BACKGROUND

On January 13, 2006, Plaintiff initiated this action under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422). Plaintiff sought recovery of: (i) federal communications excise taxes Plaintiff paid to Defendant The

United States ("Defendant") with respect to the taxable quarters ended March 31, 2000 through December 31, 2004 and (ii) statutory interest on such overpayment of tax. On May 25, 2006, Treasury conceded liability with respect to the applicability of the federal communications excise tax for communications services such as Plaintiff's in Notice 2006-50, I.R.B. 2006-25. Immediately thereafter, Defendant filed a Status Report announcing a changed position—it would no longer contest liability in this case. On July 6, 2006, Defendant moved the Court for leave to file an amended answer reflecting its changed position. Plaintiff did not contest Defendant's motion to amend its answer. On July 17, 2006, Plaintiff sought written consent from Defendant to file an amended complaint to incorporate additional refund claims for the taxable quarters ended March 31, 2005 through June 30, 2005. Defendant has not yet responded.

## ARGUMENT

A strong presumption exists in favor of granting leave to amend. As with Rule 15(a) of the Federal Rules of Civil Procedure, RCFC 15(a) states that leave to amend "shall be freely given when justice so requires" and courts have interpreted this to indicate a strong preference for granting leave to amend a complaint. The Supreme Court has emphasized that the standard of Rule 15(a) is a liberal one. "If the underlying facts and circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court of Federal Claims has adopted

this liberal approach. *See Shoshone Indian Tribe of the Wind River Reservation v. United States*, 2006 U.S. Claims LEXIS 75 (Ct. Cl. 2006).

Under *Forman v. Davis*, the Court must consider four factors in determining whether to grant leave to amend: (1) prejudice to the opposing party; (2) undue delay; (3) bad faith or dilatory motive; and (4) futility of amendment. *Foman v. Davis* at 182. Plaintiff's proposed amendment does not implicate any of the four factors, and thus should be permitted.

First, Defendant will not be prejudiced if the Complaint is amended. The proposed amended complaint does not change the nature of the claim against Defendant. It merely extends the claim forward in time to encompass additional tax quarters that became timely after Plaintiff filed its initial complaint. The proposed amended complaint merely includes additional tax periods for which the IRS has already admitted the federal communications excise tax does not apply.

In addition, Defendant cannot point to any undue delay, bad faith or dilatory motive on the part of Plaintiff in seeking this leave to amend its complaint. Allowing Plaintiff to amend the complaint would not delay this case in any way. This case is still in its early stages; discovery is ongoing.

Leave to amend a complaint is futile if the complaint would not survive a Rule 12(b)(6) motion to dismiss or if the claim were frivolous. Plaintiff's proposed amendment is not futile in the eyes of the law. In fact, the Government has acknowledged that communications services such as Plaintiff's services are not taxable services. Defendant has acknowledged liability with respect to this present action. Thus, there is neither a basis for a motion to dismiss nor a claim that the action is frivolous.

Finally, the alternative to amending the Complaint would be for Plaintiff to file a new action addressing the taxable quarters after December 31, 2004. It makes little sense, however, to bifurcate Plaintiff's claims in such a manner. This Court has held that it is "in the interest of justice to allow for liberal amendment generally in order to facilitate the resolution of all properly related claims for relief." *Bassett v. United States*, 46 Fed. Cl. 393 (Ct. Cl. 2000). Allowing Plaintiff to amend its complaint would allow for the efficient resolution of this case and enable both parties to conserve time and resources. Thus, judicial economy requires that Plaintiff's additional excise tax refund claims be incorporated into this action, as this would obviate the need to file a separate complaint.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests leave to amend its complaint to expand the time period covered by the refund claims.

Dated: August 4, 2006

Respectfully submitted

**KELLEY DRYE & WARREN LLP**

By: /s/ Paul L. Kattas
Paul L. Kattas, Esq.
Jacob J. Miles, Esq.
Joseph A. Boyle, Esq.

**Attorneys for Plaintiff**
**Kimberly Clark Corporation**